## No. 73.

### THE STATE OF LOUISIANA vs. JOHN WHITE, JR.

The provision of the Constitution that the accused in criminal prosecutions shall have the right to be tried by a jury, does not prevent said accused from waiving the jury and electing to be tried by the court only.

Act No. 35 of 1880, providing for the trial of offenses in certain cases, is not repugnant to any article of the Constitution.

The Court a qua justly refused the application of the Defendant for a new trial, based upon the ground of newly discovered evidence and accompanied by the affidavit of the person who was stabbed by the accused, stating that he, (the accused), was drunk at the time of the assault and did not know what he was doing.

APPEAL from the Twenty-third Judicial District Court, parish of Iberville. Cole, J.

E. B. Talbot, District Attorney, for the State, Appellee.

Barrow & Pope and Wm. A. Seay for Defendant and Appellant:

First—It does not appear that the accused was present during the trial.

Second—The court erred in refusing the accused a new trial. 32 An. 842.

Third—The trial by the court without the intervention of a jury, was illegal and unconstitutional. The Constitution requires a jury in all criminal cases and a prisoner cannot consent to the adoption of any other mode. Const. Art. 7; Magna Charta, cap. 29; 12 An. 19; 15 An. 192; 9 An. 62; Blackstone's Commentaries, IV, 280, 323, 341; 8 R. 586; Wisconsin case in Law Reporter; 10 Mo. 498; 41 Mo. 470; 1 Pittsburg, 492; Cooley's Const. Lim. 319, 410; Proffat's Jury Trials, § 113.

The opinion of the Court was delivered by

POCHÉ, J. The defendant appeals from a conviction on a charge of

stabbing with intent to kill and murder, and a sentence of ten years in the State Penitentiary, and urges the following assignment of errors:

1st. That the trial by the court was illegal, and not warranted by law and the Constitution of the State. That the Constitution provides *only* for the trial of all criminal cases by a jury and the judge, and any other mode is by consent, which is not allowed.

2d. That it does not appear that the accused was present at the beginning and during the trial of the case.

3d. That the judge erred in refusing a new trial prayed for on the ground of newly discovered evidence.

The first error assigned involves the question of the right of an ac-cused to waive a trial by jury which is guaranteed to him by article 7 of the present Constitution which reads as follows:

" In all criminal prosecutions, the accused shall enjoy the right to a speedy public trial by an impartial jury, except that, in cases where the penalty is not necessarily imprisonment at hard labor or death, the General Assembly may provide for trial thereof by a jury less than twelve in number; provided, that the accused in every instance shall be tried in the parish wherein the offense shall have been committed, except in cases of a change of venue."

As the question is brought up for the first time, we have given it a great deal of thought and study, especially as we have not been favored with a brief on behalf of the State.

Counsel for accused, in an able and elaborate brief, contend that, under the language of that article, no criminal case can be tried without the intervention of a jury. They hold that the trial by a jury in criminal cases is imperatively commanded by the Constitution, and that in all cases the accused is absolutely denied the power or right to waive a jury, as no other mode of trial is provided for or contemplated by the article under consideration, or by the common law from which we have derived our system of criminal jurisprudence. Our construction of the article differs widely from the conclusions of defendant's counsel.

The language " In all criminal prosecutions, the accused *shall enjoy the right* to a speedy trial by an impartial jury," does not, in our opinion, prescribe an exclusive mode of trial of all criminal charges. It intends to secure the right of such trial to every accused, and to place such right when he claims it, beyond the reach of the power of the Legislature or any other department of the government.

But the language does not justify the interpretation so as to mean that, in all criminal prosecutions, the accused *shall* or *must* be tried by jury. It extends or secures to him a valued right, but the language used does not preclude or deny to the accused the power or option to waive the right thus secured.

The argument of counsel that the mode of trial provided for under the exception in the article, in reference to offenses not necessarily punished by hard labor or death, means that trials by jury either of twelve or of a less number, are the only constitutional modes of trying criminal charges, is equally untenable. We construe the language to mean this: that in all criminal prosecutions the accused shall enjoy the right of trial by an impartial jury, that is a jury of twelve, "the historical or common law jury," except that, in cases when the penalty is not necessarily hard labor or death, a trial by a jury of a less number than twelve may be provided for by the Legislature. But we fail to find in that or any other article of the Constitution, any language which excludes or denies the power of the Legislature to provide for a mode of trial, at the option of the accused, without the intervention of a jury.

Under the system of parish courts created by the Constitution of 1868, criminal charges for offences the penalty of which was not necessarily hard labor or death, were allowed to be tried without jury, by those tribunals, whose monthly sessions afforded to the accused the option, by waiving the jury, of a trial without the delay of a session of the District Court. In abolishing those courts, the framers of the present Constitution, who provided for only two jury terms a year in each parish of the State, felt the imperative necessity of preparing a mode for the trial of criminal cases of offences not punished necessarily by hard labor or death, at other terms than the regular jury terms, and hence they empowered the Legislature to provide for a mode of trial for such cases by a jury of less than twelve members, and hence they were silent on the subject of the right of the accused to waive trial by jury altogether.

The object which they had in view is very apparent; it was to secure the chances of a speedy trial to the accused, and to relieve the parishes of the enormous expense and great inconvenience of drawing, summoning and empanelling large numbers of jurors five or six times a year.

In the light of that constitutional object, we are clear that the power of the Legislature to authorize, at the option of the accused, trials of that class of cases without a jury, was unmistakably contemplated by the framers of that instrument.

We cannot agree with counsel for the accused in their patriotic alarm for the safety of the principles of Magna Charta under such a construction, or that such a doctrine is repugnant to common law tradition or jurisprudence.

On this subject we find in Bishop's Criminal Procedure the following emphatic recognition of the doctrine. "If a statute authorizes the court to try, with the consent of defendants, their cases without a jury, a defendant who thus consents and is thus tried, has thereby waived his

rights and he cannot complain." (§ 894 and numerous decisions there quoted.)

The same doctrine is recognized and commented on by Wharton in his "Criminal Pleading and Practice." (§ 733 and authorities quoted by him.)

Now, in section 4, of Act 35, of the Legislature of 1880, entitled "An act to provide for the trial of offences when the penalty is not necessarily by hard labor or death," the Legislature has specially recognized the right of the accused to waive trial by jury, and to be tried by the court.

There is no force in the argument that the proviso of the statute containing this declaration is not embraced in the title of the act, and is, therefore, null and void. The title is sufficiently broad to cover the proviso, and the act is not repugnant to any article of the Constitution.

We, therefore, conclude that the accused has been constitutionally and legally tried by the court under a charge for an offence the penalty of which is not necessarily imprisonment at hard labor or death.

2d. The second ground of complaint urged by the accused is yet more untenable.

The record shows that he was tried on the 7th of September, 1881, and that after evidence adduced and argument of counsel, his case was submitted, and the court, finding him guilty, ordered him to be *remanded* to jail to await sentence. The record shows no intermission between these acts, and it is difficult to conceive how the court could have *remanded* him to jail if he had not been present. True, the clerk could and should have been more explicit by making a special entry, noting his presence during the progress of his trial. But the entry, as it is, satisfies us beyond a doubt that the accused was present at the beginning and throughout the progress of his trial, and the requirements of the law are thus substantially complied with.

3d. The motion for a new trial is predicated upon newly discovered evidence, and the nature of that evidence is disclosed by an affidavit of the person who was stabbed by the accused, which comes up as part of his bill of exception to the judge's ruling. The substance of the affi-. davit is, that, at the time of his attack on affiant, the accused was drunk, and that, in the opinion of affiant, "accused did not know what he was doing," and if sober, would not have committed the deed.

Now, what was the newly discovered evidence? It was evidently, not the fact of his drunkenness, nor of the proof of such fact. The judge in his reasons for refusing the new trial, making part of the bill, informs us that the fact of the drunkenness had been testified to and proved on the trial, and had been considered by him, but that the state of drunkenness was not sufficient to exclude malice from the accused.

The opinion of the affiant as to the intention of the accused was clearly not admissible in evidence, and hence the accused has been deprived of no legal rights and suffered no wrong by the judge's refusal of a new trial under such a flimsy pretext.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed.