STATE, Respondent, v. ROSS, Appellant.

(197 N. W. 234.)

(File No. 5173.   Opinion filed February 11, 1924.)

1. **Criminal Law Statutes—Typographical Errors—Use of Particular Word in Statute Held Typographical Error.**

   The use of word "for" in Rev. Code 1919, Sec. 3781, providing "every person who maliciously practices any deceit or fraud," etc., -" * * * with intent to prevent any party * * * from obtaining or producing * * * any book," etc., " * * * or for procuring the attendance or testimony of any witness therein, * * * " held obviously a typographical error; the word "from" having been intended.

2. **Obstructing Justice—Criminal Law—Witnesses—Indictment for Preventing Attendance of Witness Held Sufficient.**

   An indictment, under Rev. Code 1919, Sec. 3781, for maliciously preventing a party to an action from procuring the attendance of a witness, is sufficient, without an allegation that the witness had been subpoenaed.

3. **Jury—Mistrial—Dismissal of Juror and Subsequent Reinstatement Without New Administration of Oath Held Not to Render Conviction Invalid.**

   Where a juror, after an agreement between counsel, was dismissed on belief that a member of his family was sick, and, after learning that the sickness was in the family of another juror, was reinstated without being resworn, and the second juror dismissed, defendant could not complaint that such juror was not sworn, where, during the juror's absence from the box, he was accompanied by a deputy sheriff, and no violation of his oath was charged.

4. **Jury—Constitutional Law—Right to Trial by Jury of Twelve May Be Waived.**

   A defendant's right, under Const., art. 6, Sec. 6, to a trial by a jury of 12, may be waived by him, and his case submitted to a less number.

5. **Criminal Law—Trial—Remark of Court During Examination of Veniremen Held Improper Though Not Prejudicial.**

   Where counsel for defendant, because there were a considerable number of women in attendance upon the trial, asked one of the veniremen if their presence would have any influence on his verdict, the remark of the court that "if the attorneys for the defense wish to insult the women in the audience they may do it at their own risk; the ladies are entitled to be present in the courtroom as well as the men," held improper and uncalled for, though not prejudicial.

Appeal from Circuit Court, Davison County; Hon. Frank B. Smith, Judge.

John C. Ross was convicted of preventing the appearance of a witness in a particular case, and he appeals from judgment and order denying new trial. Judgment and order affirmed.

*H. G. Giddings,* of Mitchell, and *Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Byron S. Payne,* Attorney General, and *L. E. Waggoner,* State's Attorney, of Sioux Falls, for Respondent.

(1)   To point one of the opinion, Respondent cited:   25 R. C. L. 978; 1 Ann. Cas. 752; Commonwealth v. Herald Pub. Co. (Ky.), 108 S. W. 852; 16 Ann. Cas. 761.

(2)   To point two, Respondent cited:   Dickenson v. States, 159 Fed. 801; Cooley's Constitutional Limitations, 7th Ed., 458-459; Hill v. People, 16 Mich. 351; Allen v. People, 54 Ind. 461; Jennings v. State, 114 N. W. 492.

Respondent cited:   24 Cyc. 152; State v. Kaufman (Ia.), 2 N. W. 275, 33 Am. Rep. 148; State v. Sackett (Minn.), 3 N. W. 773; State v. Browman, 182 N. W. 773; State v. White, 33 La. Ann. 1219; Tyra V. Commonwealth, 2 Metcalf (Ky.) 1; State v. Borosky, 11 Nev. 119; Sarah v. State (Wis.), 126 N. W. 737, 31 L. R. A. (N. S.) 966; State v. Frisby (Okl.), 127 Pac. 1091.

(5)   To point five, Appellant cited:   State v. Jenson, 186 N. W. 583; State v. Phillips, 109 Pac. 1047; McDuff v. Detroit, 47 N. W. 671; State v. English, 64 N. W. 1136.

Respondent cited:   17 C. J. 79; Brewster v. State, 128 N. E. 465; Marsh v. State, 225 S. W. 7; State v. Stockton, 228 S. W. 1082; People v. Gitlow, 187 N. Y. Sup. 783; State v. Swan (Minn.), 186 N. W. 581.

POLLEY, J.   Appellant was convicted in the municipal court of Sioux Falls upon information charging that he prevented one Katherine Kline from appearing as a witness in a certain case then pending in said court against one August Seubert, the said Katherine Kline being a material and necessary witness in the said case.   Upon appeal to the circuit court of Minnehaha county the venue was changed to Davison county, where appellant was again convicted.

The information charges that defendant first induced the said witness to make a false affidavit relative to the facts in said case; that he then told her that it would be necessary for her to leave the state to avoid being arrested for signing the said false affidavit; that he paid her way to Chicago and told her not to let her whereabouts be known nor to return to Sioux Falls for at least six months. The information is drawn under the provisions of section 3781, Code 1919.

Appellant demurred to the information, on the ground that the facts alleged do not bring the case within the provisions of the said section. The section, so far as material here, reads as follows:

"*Suppressing Evidence.* Every person who maliciously practices any deceit or fraud, or uses any threat, menace or violence, with intent to prevent any party to an action or proceeding from obtaining or producing therein any book or paper, or other matter or thing which might be evidence, or *for* procuring the attendance or testimony of any witness therein. * * *"

[1] This contention is based upon the use of the word "for" in the fifth line of the section. The use of the word "for" in this line renders the phrase in which it is used meaningless, and it is apparent from a casual reading of the section that the word "from" was intended to be used in the place of "for." With "from" substituted for "for" the entire section is intelligible, and that the word "from" was intended to be used, and that the use of "for" is a typographical error is apparent from an examination of this section, where it appears in earlier publications. It appears as section 186 in the Penal Code of 1864-65, as section 187, Penal Code, 1877, as section 6387, Compiled Laws 1877, and as section 193 in Rev. Pen. Code 1903, in all of which "from" is used instead of "for."

[2] Appellant next contends that the information is insufficient because it does not allege that the witness had been subpoenaed to attend the hearing of the said case. But this is not necessary. To maliciously prevent a party to an action from procuring the attendance of his witnesses is sufficient under the statute.

[3] It is next contended by appellant that the verdict of guilty is by a jury of eleven men, one of whom was not sworn as a juror, and for this reason he is entitled to a new trial. This

contention is based upon the following facts: On the morning of the last day of the trial, word was received by the court that a member of the family of one of the jurors, Gurius by name, was seriously ill. This information was given to the attorneys for the state and for the defendant. The court then asked them if they were willing to have this juror excused and to proceed with the trial of the case with eleven jurors. This was assented to, and it was stipulated and agreed in open court, and so noted by the court reporter, that said juror might be excused and that the trial should proceed with only eleven jurors. The juror was then told that he might be excused. He immediately went to a telephone in the building and called up his home and upon inquiry learned that no one in his family was sick. He then returned to the courtroom and reported what he had learned. Upon inquiry being made it was learned that the sickness was in the family of another juror, Knappe by name. Thereupon it was stipulated by counsel for the state and for defendant that the name of Knappe might be substituted in said stipulation for Gurius, that Gurius should return to his place in the jury box and that Knappe should be excused. This was done accordingly, and the trial proceeded with eleven jurors. When Gurius went to the telephone he was accompanied by a deputy sheriff, who remained with him all the time until he returned to the courtroom. Nothing was said relative to the case to Gurius or in his presence while he was absent from the courtroom, nor did he have any conversation with any one except his talk with his family over the telephone, which related only to the reported sickness in his family, nor was any testimony taken or any procedings of any kind had in the case during his absence from the jury box. The trial then proceeded with the eleven jurors, but, when both sides rested and the court was about to charge the jury, the defendant objected to further proceedings in the case, and moved that the case be dismissed on the ground that the juror Gurius had been—

"released and discharged from the jury by the court and that such discharge and release was final, and that the juror after returning and now sitting on the case is not a juror at all, is not under oath, having been released from his oath, and is an alien party to this case."

The motion was denied, and error is assigned. This assign-

ment raises a question never before presented to this court, nor so far as we know to any other.

Appellant was entitled to have the jury that tried his case sworn and impaneled in the manner provided by law, and, had the juror not been sworn at all, even though as the result of oversight on the part of the court and counsel, there, of course, would be merit in appellant's position. But this juror had been regularly sworn, and there is nothing to indicate that he at any time felt himself released from the obligation of his oath, taken at the beginning of the trial. ' There is no contention that he violated his oath in any manner, and there was no error in overruling appellant's motion.

[4] After the verdict had been returned, appellant moved to arrest the judgment and dismiss the case on the ground that the verdict had been returned by a jury of eleven men only. This question is not new to the courts, nor are the conclusions reached by the various courts harmonious. Section 6, art. 6, of our Constitution guarantees to every man accused of crime the right of trial by jury, and, of course, this means a jury of twelve men, sworn and impaneled in the manner provided by law. But, having consented to have his case submitted to a jury of eleven men only, his present position can be justified on no other ground than that a constitutional right cannot be waived and that the state is bound to see that his case is tried by a constitutional jury, notwithstanding his consent to submit his case to a jury of less than twelve men. In support of his position appellant cites Cooley's Constitutional Limitations (7th Ed.) 458, 459; Dickinson v. U. S., 159 Fed. '801, 86 C. C. A. 625; Hill v. People, 16 Mich. 351; Allan v. State, 54 Ind. 461; Jennings v. State, 134 Wis. 304, 114 N. W. 492, 14 L. R. A. (N. S.) 862. Dickinson v. U. S., supra, appears to be a leading case in support of appellant's position, and the cases on the subject are cited and reviewed, but it may be observed that to the majority opinion in this case is appended a dissenting opinion by Judge Aldrich in which he maintains the opposite view, which seems to us to be based upon a much better line of reasoning, and is supported by a more formidable array of authorities. We can see no more reason why a person accused of a crime cannot waive his right to be tried by a jury of twelve and submit his case to a jury of a less number, than there is why

he cannot waive a jury altogether and plead guilty.   This is also true of a defendant's constitutional right to a speedy trial, to be confronted face to face by the witnesses against him, to be tried in the county where the offense was committed, and other consti- tutional rights, all of which may be, and to a greater or less ex- tent are, waived in almost every criminal case tried.   In re Staff, 63 Wis. 285, 23 N. W. 587, 53 Am. St. Rep. 285; State v. Kauf- man, 51 Iowa 578, 2 N. W. 275, 33 Am. Rep. 148; Hack v. State, 141 Wis. 346, 124 N. W. 492, 45 L. R. A. (N. S.) 664; State v. Browman (Iowa), 182 N. W. 823; Commonwealth v. Dailey, 12 Cush. (Mass.) 80; State v. Sackett, 39 Minn. 69, 38 N. W. 773; State v. White, 33 La. Ann. 1219.   In some states distinction is made between trials for felonies and trials for misdemeanor-only. Tyra v. Commonwealth, 2 Metc. (Ky.) 1; State v. Borowsky, 11 Nev. 119; Darst v. People, 51 Ill. 286, 2 Am. Rep. 301.

. In State v. Borowsky, supra, 11 Nev. 119, the court held that defendant was estopped from raising the question.

"To hold otherwise would seem to involve the conclusion that if a verdict of guilty does not convict, a verdict of not guilty does not acquit, and that in the latter case the defendant might be tried again, perhaps after his witnesses had gone beyond his reach, and in a case perhaps where the very reason of his waiving a full panel of jurors was to prevent a postmonement of his trial and the loss of important testimony.   These considerations, it is true, do not meet the argument, but they indicate the unjust and harsh consequences involved in the position contended for and the motives which may legitimately actuate a court in inclining to an opposite conclusion."

There was no error in denying appellant's motion.

A considerable number of assignments are based on the rul- ings of the trial court in the rejection of certain testimony offered during the trial.   These assignments have all been examined, and, without taking them up in detail, we are satisfied that appellant was in no wise prejudiced by any of these rulings.

[5]   It appears from the record that there were a consider- able number of women in attendance upon the trial.   Counsel for appellant asked one of the veniremen, upon his examination touch- ing his qualifications to serve on the jury, if the presence of the women and the display in the courtroom would have any influence

on his verdict. The court sustained an objection by the state to the question, and in so doing added the remark:

"If the attorneys for the defense wish to insult the women in the audience they may do it at their own risk. The ladies are entitled to be present in the courtroom as well as the men."

The women in the courtroom applauded this remark by clapping their hands. The court thereupon rebuked them for this, and admonished them not to repeat the demonstration. This remark made by the court is assigned as misconduct on the part of the trial judge, and it is claimed by appellant that he is prejudiced thereby. We find nothing whatever in the record that justifies the remark complained of. It was improper and uncalled for. Counsel for appellant had said nothing offensive nor shown a disposition to insult any one in the courtroom. But, on the other hand, we cannot see how appellant was prejudiced, as the remark of the court did not express any opinion as to the guilt or innocence of appellant, nor reflect upon his character, nor disparage him in the eyes of the jury. In fact, the remark was not aimed at appellant but rather at his counsel, and could not have influenced the jury in one way or the other. No question is raised as to the sufficiency of the evidence to prove appellant's guilt, and there was no error in denying his motion for a new trial.

The judgment and order appealed from are affirmed.

Note.—Reported in 197 N. W. 234. See, Headnote, American Key-Numbered Digest, (1) Criminal law, Key-No. 13, 16 C. J. Sec. 28; (2) Obstructing justice, Key-No. 11, 29 Cyc. 1336; (3) Jury, Key-No. 148(3), 24 Cyc. 371; (4) Jury, Key-No. 29(5), 25 Cyc. 153; (5) Criminal law, Key-Nos. 655(5), 1166½(12), 16 C. J. Sec. 2097, 17 C. J. Sec. 3637.

On question of consent and waiver to absence of jurymen in criminal cases, see notes in 43 L. R. A. 59, 14 L. R. A. (N. S.) 862 and 46 L. R. A. (N. S.) 38.

On questions relating to the procuring of one having knowledge of offense to leave the jurisdiction, see 33 L. R. A. (N. S.) 976.

On interference of or detention of witness as a crime, see note in 24 L. R. A. 439.