STATE, Respondent, v. TIEDEMAN, Appellant.

(207 N. W. 153.)

(File No. 5700. Opinon filed February 8, 1926.)

1. **Crimnal Law—Assignments of Error—Appeal and Error—Court Rules—Assignments of Error Relating to Sufficiency of Evidence Held Not Entitled to Consideration.**

   Assignments of error relating to sufficiency of evidence, which did not refer to any specification of error or to page of settled record where it might be found, nor point out any particular in which evidence was insufficient, held, under rule 4 and Rev. Code 1919, Sec. 2546, not entitled to consileration.

2. **Criminal Law—Evidence—Trial—Question Held Properly Excluded as Calling for Opinion of Witness.**

   Question on cross-examination as to whether witness had not told another that witness did not believe defendant was guilty, question not being impeaching, held properly excluded as calling for opinion of witness.

3. **Jury—Constitutional Law—Waiver—Stipulation Agreeing to Accept Verdict of Eleven Jurors as Valid Held Waiver of Constitutional Right to Jury of Twelve Persons.**

   A stipulation, entered into voluntarily by defendant and his counsel with the prosecution, whereby it was agreed to excuse a certain juror, whose father was seriously ill, and to accept verdict of eleven jurors as valid, held waiver by defendant of his right, under Const. art. 6, Sec. 6, to jury of 12 persons.

4. **Jury—Constitutional Law—Constitutional Right to Jury of 12 Persons Applicable to Both Felonies and Misdemeanors.**

   Right of a defendant to jury of twelve persons, under Const. art. 6, Sec. 6, applies equally to felonies and misdemeanors.

Appeal from Circuit Court, Corson County; Hon. W. F. Eddy, Judge.

George Tiedeman was convicted of adultery, and he appeals. Affirmed.

*A. A. Brown*, of Mobridge, and *E. B. Harkin*, of Aberdeen, for Appellant.

*Buell F. Jones*, Attorney General, and *Bernard A. Brown*, Brief Attorney, of Pierre, for the State.

(3) To point three of the opinion, Appellant cited: 16 R. C. L. 222; Thompson v. Utah, 170 U. S. 343; State v. Ned, 30 So. 126, 54 L. R. A. 933.

Respondent cited: State v. Riss (S. D. ) 197 N. W. 234.

SHERWOOD, J.   In December, 1923, defendant was con-
victed of the crime of adultery in the circuit court of Corson
county.   From a judgment and order denying a new trial, he
appeals.

The 8 assignments of error present but 4 questions for this
court:   (1) Was the evidence sufficient to sustain the verdict?
(2) Was the verdict contrary to the law and the evidence.   (3)
Did the court err in refusing to permit the complaining witness to
answer a question put to him on his cross-examination?   (4) Did
the court err in permitting one of the jurors to be excused while
they were considering of their verdict; and afterwards receiving
a verdict of guilty from the remaining jurors; defendant, his
attorney, and the state's attorney having first signed and filed a
written stipulation consenting to the discharge, and agreeing to
accept the verdict of the 11 remaining jurors?

[1]   Discussing No. 1:   The assignments of error relating
to evidence do not refer to any specification of error or to the
page of the settled record where it may be found, as provided in
rule 4.   No specification of error or assignment of error contained
in the record points out any particular in which the evidence is
insufficient to support the verdict as provided in section 2546, R.
C. 1919.   Therefore, under the provisions of rule 4 and section
2546, the question of the sufficiency of the evidence to sustain the
verdict should be disregarded.   Sweeney v. Hewett, 34 S. D. 302,
148 N. W. 503.   But, if we waive the failure to comply with the
rule and statute above referred to, a careful examination of all
the evidence in this case convinces us there is ample evidence to
sustain the verdict.   We have examined the authorities cited by
defendant's attorney, Brown, and they are not in point under the
facts in this case.

[2]   Discussing No. 2:   Jacob Feichtner, the complaining
witness, was asked on cross-examination the following question:

"You may state whether or not you told, some time in Sep-
tember this year, her father, at his home in South Dakota in Per-
kins county, that you did not believe the defendant guilty of this
crime?"

Objected to as incompetent, irrelevant, immaterial, improper
cross-examination, calling for the conclusion, and an opinion of

the witness, and not a defense. This objection was sustained, and the evidence excluded.

We think this ruling was correct. The question called for the opinion of the witness on the very question the jury was trying. It contradicted no testimony the witness had previously given at the trial or elsewhere, and was therefore not impeaching. And his opinion as to her guilt or innocence was entirely immaterial.

[3] The only remaining question is: Were defendant's constitutional rights violated by excusing the juror? Before the juror was discharged, and while the jury was out considering of their verdict, the following stipulation was entered into:

"It is hereby stipulated and agreed that:

"Whereas, the juror Arthur Neil desires or has requested that he be allowed to go to the telephone to inquire as to the condition of his family;

"And whereas, his father having died since this case was submitted to the jury and while the jury was out deliberating on the same;

"And whereas, in the opinion of the counsel for the state and counsel for the defendant it would be unfair to allow the juror to go to the telephone and find out about the death of his father and then require him to still stay in the jury box;

"And now, therefore, it is stipulated and agreed by and between the state of South Dakota, a party of the first part, and A. A. Brown, as attorney for George Tiedeman, the defendant herein, and George Tiedeman, personally, party of the second part, that the court shall be allowed, and it is satisfactory to said defendant and to his attorney that said juror, Arthur Neil, may be discharged from this case, and this case may proceed, and that the rest of the jurors, being eleven men, shall have the absolute right to decide this case with the same force and effect as if the twelve men settled it.

"It is further stipulated and agreed by and between the state of South Dakota, and A. A. Brown, attorney for George Tiedeman, and George Tiedeman, the defendant, that, the verdict shall be of the same force and effect as if said verdict had been rendered by the full twelve jurors, and that at no time in this case or any other case will defendant, on appeal or otherwise, raise the question, either through himself or his attorney, A. A. Brown,

or any other attorney whom he may employ, as to the discharge of this juror or anything in connection therewith.

"A. A. Brown.

"As Attorney for Geo. Tiedeman.

"George Tiedeman.

"Harry M. Wilmsen,

"State's Attorney."

After this stipulation was entered into, the juror in question was discharged, the remaining eleven being kept together until they found and returned into court their verdict of guilty. Attorney Brown, having refused to argue this assignment or error or take part in the motion for a new trial based on this ground, because he was defendant's attorney at the trial and a party to the stipulation, E. B. Harkin presents this part of the brief.

It appears from the clerk's affidavit that the jury retired to consider of their verdict December 7, 1923, at 4:30 o'clock p. m., and returned a verdict into court December 8, 1923, at 9:30 p. m. They were therefore out 29 hours in all. It was some time during this period the juror was discharged. Appellant avers they had been out 20 hours when it occurred.

It appears from this record that the juror who asked to go to the telephone did not know of his father's death when he made the request. He would not have learned it until the jury was finally discharged, had he been refused. He would only have known that, being a juror, he was not allowed to talk over the telephone. He could have received no intimation as to which counsel, if either, objected to his talking until after the verdict was rendered. Under these conditions we cannot see how the rights of defendant could have been in any way prejudiced by his refusing to consent that the juror have permission to talk over the telephone. Clearly the stipulation was voluntarily entered into on both sides without the slightest fear or compulsion. It was an advantage to both sides not to be put to the trouble and expense of a second trial. If defendant had been acquitted, he would certainly have claimed the verdict was legal. By freely and voluntarily entering into this stipulation and accepting its benefits, he waived his right to a jury of twelve persons. State v. Ross, 47 S. D. 188, 197 N. W. 234; Oborn v. State, 143 Wis. 249, 126 N. W. 737; State v. Frisbee, 8 Okl. Cr. 406, 127 P. 1091.

[4]    The constitutional provision which appellant claims is violated here applies .equally to felonies and misdemeanors, and we think this case is ruled by the decision of this court in State v. Ross, supra. It is true that case involved a misdemeanor only, but it involved the same constitutional provision now before us. We are "unable to see how it is possible to draw a distinction in this respect between misdemeanors and felonies, because the Constitution does not recognize such distinction." Const. S. D., Sec. 6, art. 6; State v. Browman (Iowa) 182 N. W. 834. The cases are so fully discussed in State v. Ross, supra, and in the dissenting opinion in Dickinson v. U. S., 159 F. 801, 86 C. C. A. 625, we will not further discuss them here.

The judgment and order of the court denying a new trial are affirmed.

Note.—Reported in 207 N. W. 153. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 1129(3), 17 C. J. Secs. 3480, 3486; (2) Criminal law, Key-No. 450, 16 C. J. Sec. 1532, Witnesses, 40 Cyc. 2517; (3) Jury, Key-No. 29(5), 36 C. J. Sec. 111; (4) Jury, Key-No. 4, 35 C. J. Sec. 108.