STATE ex rel. BURKE, Appellant v. ERICKSON, Respondent

(173 N.W.2d 44)

(File No. 10703. Opinion filed December 16, 1969)
Rehearing denied December 31, 1969

**John E. Simko, Jr.,** Sioux Falls, for plaintiff and appellant.

**Leonard E. Andera,** Asst. Atty. Gen., Pierre, for defendant and respondent; **Gordon Mydland,** Atty. Gen., Pierre, on the brief.

BIEGELMEIER, Presiding Judge.

By complaint sworn to July 6, 1967 and filed in municipal court on July 10, 1967, petitioner was charged with embezzlement by a bailee in Pennington County on July 6, 1967 of a Plymouth car contrary to SDC 13.4006. Pursuant to a warrant of arrest, petitioner was apprehended in Utah, returned to Rapid City and counsel, who appeared in all the criminal proceedings, was appointed for him.

A preliminary hearing held November 29, 1967 showed that about 7 a. m., July 6, 1967, petitioner told Mrs. Post, a fellow cafe employee who knew him about 10 days, that a friend of his had been in a bad wreck the night before and asked if he could take her car to see him in the hospital, and it was understood he would return it before ten o'clock that morning; that he took the keys and left with the car and she had not seen it since.

A deputy sheriff testified that he saw the car in a car salvage lot in Ogden, Utah on November 13, 1967, the day he apprehended petitioner who was held to answer the charge in circuit court. On December 7, 1967 an information was filed charging him with the embezzlement.

The transcript of December 8, 1967 proceedings shows defendant appeared in court with his attorney and was given a copy of the information; his right to a trial by jury and other rights were explained to him by the presiding judge. He was asked if he had any questions and answered, "No", said he desired to enter a plea and did plead guilty "to the charge of embezzlement by bailee, as set forth in the Information." The court accepted the plea, found defendant guilty and after some further discussion sentenced defendant to a term in the penitentiary.

In 1969 petitioner, with different appointed counsel, made application for a writ of habeas corpus alleging his plea of guilty was not entered intelligently or voluntarily and that SDC 13.4010, now SDCL 1967, § 22-38-11, deprived him of his right to a trial by jury as guaranteed by § 6, Art. VI of the South Dakota Constitution and the Fifth and Fourteenth Amendments to the United States Constitution. The statute involved and criminal charge are first stated.

SDC 13.4006 (now SDCL 1967, § 22-38-6), pertinent here, provided:

> **"13.4006 Bailee;  \*  \*  \*  embezzlement: defined.**
> If any person being intrusted with any property as bailee
> \*  \*  fraudulently converts the same  \*  \*  \*  to his
> own use, he is guilty of embezzlement".

Both the preliminary complaint and information were titled "EMBEZZLEMENT BY BAILEE" and, while no claim is made of any defect therein, they clearly charged in detail that petitioner wilfully, unlawfully, feloniously and fraudulently did convert to his own use a light blue 1965 4-door Plymouth with the serial and car license numbers stated, he being intrusted with the property as bailee by Kathleen Post, contrary to SDC 13.4006.

The trial court heard evidence of petitioner and, on it and the records introduced, concluded in an opinion and later Findings of Fact and Conclusions of Law that petitioner was not denied any of his legal, statutory or constitutional rights and quashed the writ.

The only evidence other than the court records was testimony of petitioner:

"Q   Mr. Burke, you have alleged  \*  \*  your plea of guilty was not entered intelligently. Would you tell the Court what you base that allegation on?

"A   Well, prior to coming to the penitentiary and reading the statute myself in the prison library I didn't understand the statute.

"Q   What statute?

"A   Embezzlement by bailee. At the time that my attorney talked to me I explained to him exactly what had transpired. He at that time told me that charge would not lie. Later when he visited me in jail he

told me that I was guilty of the crime[1] and at no time did I ever deny that I kept the girl's car possibly longer than I should have, so when he told me that I was guilty I assumed that I was guilty and I pled guilty, * * *

"Q Do you have anything else to add to that?

"A Other than I never heard tell of this charge prior to this so I had no way of knowing what it entailed until after, like I say, I got to the penitentiary and read the statute in the law books in the library.

"Q Then all of what you have told us now forms the basis of your contention that your plea of guilty was not entered intelligently?

"A That is right. * * * I understood I was charged with embezzlement by bailee."

Petitioner was 43 years old and had a high school education and in the course of interrogation by the sentencing court he admitted prior convictions for violation of the Dyer Act in 1947, for issuing fraudulent checks in 1951, escape from the Indiana State Reformatory, second degree burglary in 1952 and forgery and grand theft in California.[2] That he knew of the charge and what his guilty plea might bring to him is apparent by the record which shows he made an intelligent and reasoned plea to the sentencing judge in an attempt to convince him

---

1. By that time his attorney may have researched this question and read State v. Serenson, 7 S.D. 277, 64 N.W. 130. There the trial court instructed the jury that if it found defendant sheriff had fraudulently converted redemption money to his own use, the crime would be complete and, as to evidence that three months later he had caused it to be paid (by his bondsmen) to the rightful party, gave another instruction based on Compiled Laws § 6805 in the same wording as SDC 13.4010. This court approved both instructions. The trial judge's opinion, hereafter quoted, cites and discusses the Serenson opinion.

2. By SDC 13.4008, SDC 13.3802 as last amended by Ch. 40, Sessions Laws of 1961 and SDC 13.3803 then in effect, petitioner could have been sentenced to 10 years in the penitentiary; his sentence was for a lesser term. He was not charged under the Habitual Criminal Act, SDC 13.0611 where, after one prior felony conviction, the sentence may be double the longest term and after three felony convictions the sentence may be life imprisonment.

that·the several prior convictions should not be weighed too heavily against him; that he realized the judge was going to "take into consideration my past record, and I realize that this does, somehow, influence it. But, by the same token, for anything in the past, I have already been punished". Petitioner with assistance of counsel having intelligently and voluntarily entered a plea of guilty was not deprived of a trial by jury, but by his plea admitted his guilt and this left nothing for a jury to determine. The plea of guilty is a conviction and includes a waiver of trial by jury. Ex parte Carper, 144 Neb. 623, 14 N.W.2d 225; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and see State v. Ross, 47 S.D. 188, 197 N.W. 234. Habeas corpus reaches only jurisdictional error. State ex rel. Medicine Horn v. Jameson, 78 S.D. 282, 100 N.W.2d 829; State ex rel. Burns v. Erickson, 80 S.D. 639, 129 N.W.2d 712. The record in the habeas corpus proceeding disclosed no such error and that court properly quashed the writ.

▉ Defendant makes an argument that SDC 13.4010 in-.fluenced his plea of guilty and that it is unconstitutional. That section provides:

> **"Intent to restore no defense.** The fact that the accused intended to restore the property embezzled is no ground of defense, or of mitigation of punishment if it has not been restored before an information has been laid before a magistrate charging the commission of the offense."

In his brief in this court, petitioner's attorney states the question presented is "Did SDC 13.4010 effectively preclude petitioner from presenting his defense to a jury?" That defense, one can gather from the brief, is defendant's contention that he at no time formed " 'the fraudulent intent to deprive Mrs. Post of her automobile' " and he believed "he would not be able (by reason of SDC 13.4010) to show that it was always his intention to return the automobile" and "it was his constitutional privilege to have a jury decide the question."

The trial judge's opinion states petitioner's counsel "does make an ingenious contention that * * * SDC 13.4010 deprived plaintiff of his constitutional right to trial by jury despite the fact that he pleaded guilty to the offense charged in the language of SDC 13.4006." In discussing this the opinion continues:

"As stated to constitute the offense there must have been a bailment of property and thereafter a fraudulent conversion by the bailee to a use not authorized by the bailor. Plaintiff admitted such offense by his plea of guilty. But he seems to now contend that SDC 13.4010 deprived him of the right to show that when he made the unauthorized use of the property he intended not to deprive the owner of the property and intended to return it to her. But by his guilty plea he admitted he converted the property to his own use. The fact, if it be a fact, that later he intended to return the property would constitute no defense. SDC 4010 states that 'the fact the accused intended to restore the property **embezzled** is no ground for defense * * *.' This intent refers to an intent formed after the embezzlement. The plaintiff admitted the embezzlement as defined by statute. * * * Later forming a purpose or intent to return the property, constitutes no defense, so the statute provides, to the offense of embezzlement theretofore committed."

While the record before the court and our disposition of this proceeding may not require any expressions as to the effect of SDC 13.4010 on the appeal, the circuit judge's opinion finds support in State v. Serenson, 7 S.D. 277, 64 N.W. 130, from which we find no reason to depart. See also In re Kaas, 39 S.D. 4, 162 N.W. 370. What legal construction he or his attorney may have placed on this section or what rulings the court at a trial would have made on admission of evidence, instructions to a jury or on the issue of intent (see Sartin v. State, 44 Wis.2d 138, 170 N.W.2d 727, and 26 Am.Jur.2d, Embezzlement, § 20) are now of no legal consequence as they are speculative and are not jurisdictional defects or denials of due process.

Petitioner cites several cases which relate to instructions to the jury on intent, the burden of proof thereof, etc. in cases where fact issues were tried to a jury which are not in point here as defendant's plea of guilty, voluntarily entered, left no questions for a jury.

Affirmed.

All the Judges concur.