476

**UNITED STATES ex rel. Robert F. BURKE, Petitioner,**

v.

**Donald R. ERICKSON, Respondent.**

**Civ. No. 70–46S.**

United States District Court,
D. South Dakota, S. D.

July 31, 1970.

John Simko, of Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for petitioner.

Roger A. Schiager, Special Asst. Atty. Gen., Sioux Falls, S. D., for respondent.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Petitioner Robert F. Burke has filed in this court an application seeking federal habeas corpus relief under 28 U.S.C. Sec. 2241. He is presently serving a six year sentence imposed on December 8, 1967, by the state circuit court upon the petitioner's plea of guilty to a state charge of embezzlement by a bailee under SDC 13.4006 (1939), now SDCL 22–38–6 (1967).

Counsel for petitioner and the state were able to enter into an agreement on the factual situation and a hearing was held on May 8, 1970, for oral argument on the points of law. Petitioner was not present at the hearing.

## FINDINGS OF FACT

On July 6, 1967, at 7:00 a.m., petitioner borrowed a car from Mrs. Kathleen Post, a fellow worker, with the agreement that he would return the car by 10:00 a.m. When he failed to return the car, Mrs. Post signed a complaint that same day charging petitioner with embezzlement by a bailee.

The statute under which petitioner was charged is SDCL 22–38–6 (1967) formerly SDC 13.4006 (1939), which states that "if any person being intrusted with any property as bailee * * * fraudulently converts the same * * * to his own use, he is guilty of embezzlement."

Petitioner was apprehended in Ogden, Utah, on November 13, 1967, and was held to answer to the charge. The auto was located in Ogden and returned to Mrs. Post in substantially the same condition as it had been when "loaned" to petitioner.

On November 29, 1967, petitioner appeared with court appointed counsel at his preliminary hearing and was bound over to answer to an information in circuit court. On December 7, 1967, an information was filed charging petitioner with embezzlement.

On December 8, 1967, petitioner appeared at arraignment proceedings in circuit court with his court appointed attorney. He was furnished a copy of the information which was read into the record by the prosecutor. The information charged that the petitioner did "willfully and unlawfully, feloniously and fraudulently convert to his own use one (1) 1965 4-door Plymouth * * * of the value of more than $50, he being entrusted with said property as bailee by one Mrs. Kathleen Post, contrary to SDC 13.4006 * * * "

Petitioner was advised by the court of his rights to a jury trial, to be present at the trial and confront the witnesses against him, to subpoena witnesses in his behalf and to enter a plea to the charge. In addition, his attorney advised the court that he had conferred with petitioner and that he was satisfied that petitioner understood his constitutional rights. When asked if he had any questions, petitioner answered that he did not. He then entered a plea of guilty to the charge. In dialogue with the court following entry of the plea and prior to sentencing, petitioner admitted prior convictions for violation of Dyer Act in 1947, for issuing fraudulent checks in 1951, escape from the Indiana State Reformatory, second degree burglary in 1952 and forgery and grand theft in California. Petitioner, who was 42 years old and had a high school education, made an intelligent statement in his own behalf asking that the court not weigh his prior convictions in imposing sentence as he had already been punished for those offenses.

After some discussion concerning petitioner's past record, the maximum sentence of ten years for the offense charged, and the fact that proceedings had not been initiated under the provisions of the South Dakota Habitual Criminal Act, the court sentenced petitioner to six years imprisonment.

Petitioner states that he informed his attorney that he had never intended to deprive Mrs. Post of her car permanently but always intended to return it. His attorney then told him that a South Dakota statute precluded his raising his intent to return the auto as a defense to the charge. SDC 22–38–11 (1967), formerly SDC 13.4010 (1939), provides: "The fact that the accused intended to restore the property embezzled is no ground of defense, or of mitigation of punishment if it has not been restored before an information has been laid before a magistrate charging the commission of the offense." Petitioner's counsel submitted an affidavit in which he states that in view of the above statute he felt petitioner had no defense to the charge. When so advised, petitioner entered the guilty plea.

Following his incarceration, petitioner initiated a habeas corpus proceeding in state court where he was again appoint-

ed counsel. Upon denial of his petition, he appealed the ruling to the South Dakota Supreme Court which affirmed the lower court's decision. State ex rel. Burke v. Erickson, S.D., 173 N.W.2d 44 (1969).

Petitioner now appears in this court contending that his guilty plea was not intelligently and voluntarily made in that SDCL 22–38–11 (1967) precluded him from "raising a defense based upon the lack of fraudulent intent and, if such a defense is raised, it cannot * * * be raised in full."

## CONCLUSIONS OF LAW

After critical examination of the briefs of counsel in the state court habeas corpus proceedings and in the appeal, and of the findings of fact and conclusions of the state trial judge and the opinion of the South Dakota Supreme Court, this court concludes that the precise question which petitioner now urges for decision in this court has been fairly and adequately presented to the state courts so as to satisfy the exhaustion of state remedies requirement of 28 U.S.C. Sec. 2254(b). Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Buffalo Chief v. South Dakota, 425 F.2d 271 (8th Cir. 1970); Kennedy v. Sigler, 397 F.2d 556 (8th Cir. 1968).

Under 28 U.S.C. Sec. 2254(d), the factual determination of the state court "shall be presumed to be correct" unless the applicant establishes a circumstance within the statute or unless the federal court concludes that such factual determination is not fairly supported by the record. The court concludes that the petitioner was afforded a full, fair and adequate hearing in the state court proceeding with assistance of counsel and that the factual determination of the state court is supported by the record. It is therefore incumbent upon the petitioner to establish "by convincing evidence that the factual determination by the state court was erroneous." 28 U.S. C. Sec. 2254(d); In re Parker, 423 F.2d 1021 (8th Cir. 1970).

Petitioner states that he had never formed the requisite intent to deprive Mrs. Post of her auto, but always intended to return it to her. He contends that his plea of guilty to the charge of embezzlement by a bailee was involuntary because he believed that SDCL 22–38–11 (1967) precluded him from raising his intent to return the auto as a defense to the charge. He does not contend that his plea was induced by threats or promises of any nature.

The crime of embezzlement by a bailee as charged is completed when the defendant fraudulently converts the property entrusted to his own use. The intent to return the property, whether formed concurrently with or subsequent to the intent to convert, is separate and distinct and is not a defense to the commission of the crime of embezzlement. SDCL 22–38–11 provides that the intent to return may be a defense where the property has been returned prior to the commencement of criminal proceedings.

In this regard it has been stated that:

It is well established that when one wrongfully and intentionally misappropriates the property of another lawfully in his possession to his own use, the offense of embezzlement is complete, so that the fact that he *at the same time intends subsequently* to return the property or to make restitution to its rightful owner does not relieve his wrongful act of its criminal nature, excuse him or make his offense any less embezzlement. The fraud and the crime inhere in the act and are not eliminated by any mortal process, however amiable and virtuous it may be. (emphasis added) 26 Am. Jur.2d Embezzlement Sec. 29 (1966).

The United States Supreme Court has recently considered the duty of the federal trial judge to "inquire whether a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea," as expressly re-

quired by Rule 11 of the Federal Rules of Criminal Procedure. McCarthy v. United States, 394 U.S. 459, 464, 89 S. Ct. 1166, 22 L.Ed.2d 418 (1968).

■ Although this rule of procedure must be followed in federal courts, it is not binding on state trial courts as the procedure has not been held to be required by the United States Constitution. *McCarthy*, supra, at 465, 89 S.Ct. 1166. As the guilty plea operates as a waiver of several constitutional rights, it is imperative that his plea be entered voluntarily and knowingly. In reviewing the federal procedure, the Supreme Court stated in *McCarthy* that the plea "cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts," so as to enable him to ascertain that his conduct falls within the charge. 394 U.S. at 466, 89 S.Ct. at 1171.

■ Although petitioner contends that he did not understand that despite the statute he could present a defense that he had never formed the requisite fraudulent intent to convert the Post automobile to his own use, it would appear that petitioner understood that his conduct fell within the crime charged. In view of the facts, petitioner undoubtedly believed, as did his attorney, that he literally had no viable defense to the charge as his having kept the car for some four months after receiving permission to use it for three hours could hardly be considered an oversight on his part. Nor was the petitioner's record which included the Dyer Act conviction an attractive prospect should the petitioner take the stand in his own defense to testify that he had never intended to convert the auto to his own use.

In this case, petitioner was reasonably well educated and was no stranger to judicial procedures. Counsel's assessment of petitioner's defense was probably concurred in by petitioner at the time of the plea. Assuming, *arguendo*, that his counsel did advise that petitioner enter a guilty plea, there is no evidence that petitioner's plea was induced by coercion,

threats, or promises that the court would be lenient. The remarks of Judge Miller of the District of Columbia Court of Appeals seem particularly appropriate in this case:

> Everyone who is acquainted with the realities of practice knows the desire of some convicted persons to have their cases tried over again and their frequent repudiation of counsel after their hopes for acquittal or for lenient punishment have failed to materialize. It is easy for such a person to rationalize his own wishful thinking—together with hopeful comments of counsel—into a structure of promises, coercion and trickery; to assume incompetency and disinterest or worse, upon the part of counsel. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 876 (1945).

■■ Although not previously raised in the state court proceedings, petitioner now obliquely raises the contention that he did not have adequate or effective assistance of counsel. Habeas corpus relief on the ground of incompetency of counsel or the denial of effective counsel will be granted "only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without opportunity for conference and preparation." Scalf v. Bennett, 408 F.2d 325 (8th Cir. 1969).

The evidence in the present case is not sufficient to grant relief on the grounds of incompetency of counsel or denial of effective counsel.

Many defendants, after being advised that they have virtually no defense to the charge, elect nonetheless to stand trial and make the state prove the essential elements of the charge, including intent, beyond a reasonable doubt. This avenue was not foreclosed to petitioner.

For the above reasons, the court concludes that the petitioner has failed to establish by convincing evidence that the

state court was in error in its determination that his plea of guilty was voluntarily and intelligently entered.

Accordingly, the petition for writ of habeas corpus is hereby quashed.