**UNITED STATES ex rel. Robert F. BURKE, Appellant,**

v.

**Donald R. ERICKSON, Appellee.**

**No. 20480.**

United States Court of Appeals, Eighth Circuit.

Feb. 25, 1971.

Rehearing Denied March 18, 1971.

**327**

John E. Simko, Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., filed typewritten briefs for appellant.

Gordon Mydland, Atty. Gen., Pierre, S. D., William J. Srstka, Jr., Asst. Atty. Gen., for appellee.

Before MATTHES, Chief Judge, and CLARK, Associate Justice; * and BRIGHT, Circuit Judge.

PER CURIAM.

Petitioner Robert F. Burke, presently serving a six-year sentence in the South Dakota state penitentiary, filed an application for federal habeas corpus relief under 28 U.S.C. § 2254, seeking relief from his conviction on charges of embezzlement of an automobile in violation of South Dakota Code § 13.4006 (1939), now S.D. Compiled Laws Ann. § 22-38-6 (1967). That section provides, in pertinent part:

> If any person being entrusted with any property as bailee * * * fraudulently converts the same * * to his own use, he is guilty of embezzlement * * *.

The undisputed facts disclosed that on July 6, 1967, Burke borrowed an automobile from a fellow employee at the Cactus Cafe in Wall, South Dakota, and promised to return the vehicle to the owner by 10:00 a. m. the same day. When Burke failed to return, the employee signed a complaint charging Burke with embezzlement by a bailee. Burke and the car were found in Ogden, Utah, four months later. He was returned to South Dakota to answer an information charging embezzlement. Counsel was appointed for the state court proceedings. Upon the advice of counsel, Burke pleaded guilty to the charge. The record shows that at the time of sentencing Burke made an intelligent statement to the trial judge requesting that his past felony convictions not be held against him. The trial court did not assess the maximum ten-year penalty called for by the statute.

In seeking habeas corpus relief, first unsuccessfully in the South Dakota state courts, State ex rel. Burke v. Erickson, S.D., 173 N.W.2d 44 (1969), and now in the federal courts, petitioner contends that he did not enter his guilty plea intelligently and voluntarily. Burke refers to a provision of South Dakota law which, in pertinent part, limits the defense which may be asserted to a charge of embezzlement. The statute reads:

> The fact that the accused intended to restore the property embezzled is no ground of defense, or of mitigation of punishment if it has not been restored before an information has been laid before a magistrate charging commission of the offense. [S.D. Compiled Laws Ann. § 22-38-11 (1967), formerly S.D. Code § 13.4010 (1939)]

In essence, petitioner argues that the effect of this statute unconstitutionally deprives an accused of a jury trial upon the issue of whether an accused intended to convert an owner's property. While Burke did not undergo any jury trial in this case, he contends that the existence

---

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court, sitting by special designation.

of the statute induced him to plead guilty.

The federal district court, Chief Judge Fred J. Nichol, denied Burke any relief. The court's opinion is reported as United States ex rel. Burke v. Erickson, 315 F. Supp. 476 (D.S.D.1970). We agree with Judge Nichol's analysis that § 22–38–11 does not erode the prosecution's burden of establishing all elements of the offense of embezzlement, including an accused's intent to convert property of another. We affirm for the reasons stated in that opinion.