**Robert F. BURKE, Petitioner,**

v.

**Don R. ERICKSON, as the duly appointed and acting Warden of the South Dakota State Penitentiary, Respondent.**

Civ. No. 72-4008.

United States District Court, D. South Dakota, S. D.

June 8, 1972.

Steven L. Jorgensen, of Willy, Pruitt, Matthews & Jorgensen, Sioux Falls, S. D., for petitioner.

Roger A. Schiager, Sp. Asst. Atty. Gen., Sioux Falls, S. D., for respondent.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Robert F. Burke has petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C.A. Secs. 2241 and 2254, alleging that his confinement under the custody of Don R. Erickson, Warden of the South Dakota Penitentiary, was imposed upon a conviction and sentence which were the result of a guilty plea which was not entered voluntarily and intelligently and that he was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. Petitioner also alleges that he was denied a post conviction evidentiary hearing as required by S.D.C.L. Sec. 23-52-12 (1967) and the Fourteenth Amendment to the United States Constitution.

Petitioner pleaded guilty to the crime of embezzlement by a bailee in state circuit court on December 8, 1967. Upon acceptance of his plea the court sentenced petitioner to six years in the South Dakota State Penitentiary.[1]

In 1969 petitioner filed a writ of habeas corpus in state court alleging that his guilty plea was not entered intelligently and voluntarily and that he was deprived of his right to a trial by jury because his attorney advised him that his intent to return the embezzled goods was no defense. The writ was quashed by Circuit Judge Burns. In re Burke,

---

1. A more complete statement of the facts of this case can be found in United States ex rel. Burke v. Erickson, 315 F.Supp. 476 (D.S.D.1970), aff'd 438 F.2d 326 (8th Cir. 1971), cert. denied, 400 U.S. 1011, 91 S.Ct. 576, 27 L.Ed.2d 625.

Civil No. 60–27 (2d Cir. S.D., February 11, 1969). The South Dakota Supreme Court affirmed Judge Burns' denial of the writ considering these same issues. State ex rel. Burke v. Erickson, 84 S.D. 487, 173 N.W.2d 44 (1969). The same issues were also raised in federal habeas corpus proceedings and relief was denied. United States ex rel. Burke v. Erickson, 315 F.Supp. 476 (D.S.D.1970), aff'd 438 F.2d 326 (8th Cir. 1971), cert. denied, 400 U.S. 1011, 91 S.Ct. 576, 27 L.Ed.2d 625.

Petitioner next applied for post conviction relief in state court pursuant to S.D.C.L. ch. 23–52 (1967). This petition for relief set forth the same grounds and issues upon which relief had been denied in both the state and federal habeas corpus proceedings. Circuit Judge Bottum granted petitioner a hearing on September 10, 1971. Petitioner was represented by counsel, but was not present at the hearing. The state's motion for denial of relief was granted, based upon all of the judicial records concerning this defendant and this alleged crime. The court specifically stated at paragraph VII of its findings of fact that petitioner had raised no new issue which had not already been fully determined by the courts. South Dakota v. Burke, Criminal No. 4205 (7th Cir. S.D., September 17, 1971). Petitioner's motion for a certificate of probable cause of an appealable issue was denied in state circuit court on September 22, 1971.

Petitioner now seeks habeas corpus relief in this court alleging all of the old and several new grounds for his claim that his plea was not voluntarily and intelligently entered and that he was denied effective assistance of counsel. His new grounds for alleging that his plea was not voluntarily and intelligently entered are: (1) The transcript of the arraignment and sentencing of petitioner is silent as to a specific waiver from petitioner's own lips of his constitutional rights; (2) The judge did not inform petitioner of the consequences that could flow from his plea of guilty until after the plea had been entered and accepted by the court; (3) The transcript of the arraignment is silent as to any inquiry whether or not petitioner was pleading guilty of his own free will and not because of any threats or promises and solely because he was guilty. Petitioner also alleges the ground that has been litigated, contending that he did not possess a correct understanding of the law in relation to the facts because of the misadvice of his attorney. In addition petitioner claims he is entitled to an evidentiary hearing under S.D.C.L. Sec. 23–52–12 (1967), which he alleges was not granted to him.

S.D.C.L. Sec. 23–35–19 (1967) states:

Upon the arraignment of such person and before permitting an entry of the plea of guilty, it shall be the duty of the judge before whom the accused may be brought to fully advise such person of his rights in the premises, and if it appears to the satisfaction of such judge that the accused has been regularly held to answer upon the offense charged and is acting of his own free will and accord in the matter, such judge shall thereupon receive such plea of guilty of the offense charged in the information.

The issue is whether this statute and the Sixth and Fourteenth Amendments require a judge accepting a guilty plea (1) to receive from the accused's lips a specific waiver of each of his constitutional rights, (2) to inquire of the petitioner whether or not his plea is of his own free will because he is guilty and that it was not induced by threats or coercion, and (3) to inform the petitioner of the consequences that could flow from his guilty plea.

In McCarthy v. United States, 394 U.S. 459, 464, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the United States Supreme Court held that under Rule 11 of the Federal Rules of Criminal Procedure the judge must inquire of the accused if he understands the nature of the charge against him and whether he is aware of the consequences of his plea. The Court

**402**

limited its holding specifically to cases involving Rule 11.

In Boykin v. Alabama, 395 U.S. 238, 242–244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), it was held to be plain error for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary. The Court further held that waiver of an accused's constitutional rights cannot be presumed from a silent record and that courts should canvass "the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." Similar language was used by the South Dakota Supreme Court in Nachtigall v. Erickson, S.D., 178 N.W.2d 198, 201 (1970).

In a case involving a guilty plea without the assistance of an attorney the South Dakota Supreme Court said:

> Until the court is solemnly persuaded by a painstaking explanation of the rights afforded the accused by the law, and of the extreme consequences his plea may entail, that the accused is acting with volition and understanding, a plea of guilty should not be entered. State v. Sewell, 69 S.D. 494, 498, 12 N.W.2d 198, 199 (1943).

Before this Court can reach the merits of the arguments raised by a petitioner in a federal habeas corpus proceeding, it must appear that the petitioner has exhausted the available state court remedies by presenting the same evidence and issues in the state trial and appellate courts. 28 U.S.C.A. Sec. 2254(b); Brown v. Allen, 344 U.S. 443, 447, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Buffalo Chief v. South Dakota, 425 F.2d 271, 278 (8th Cir. 1970). Where in his federal petition petitioner asserts new grounds materially distinct from the grounds presented to the state courts, federal relief will be denied until the state courts have been presented these new grounds. LeDent v. Wolff, 460 F.2d 1001 (8th Cir. 1972).

The South Dakota courts have not had an opportunity to directly consider these new grounds asserted for relief. This Court, therefore, dismisses the petition for failure to exhaust state remedies.

As to petitioner's claim that S.D.C.L. Sec. 23–52–12 (1967) requires an evidentiary hearing, the Court notes only that the statute requires only a hearing but that it is completely discretionary with the judge as to what evidence he may admit.

This memorandum decision shall constitute the Court's findings of fact and conclusions of law pursuant to 28 U.S. C.A. Sec. 2243.