**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Victor Allen BOYLES, Defendant and Appellant.**

**No. 12097**

Supreme Court of South Dakota.

Dec. 30, 1977.

Judith Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Peter H. Lieberman, Asst. Atty. Gen., Pierre, on brief.

Thomas M. Maher of Duncan, Olinger, Srstka, Maher & Lovald, Pierre, for defendant and appellant.

WOLLMAN, Justice.

Defendant appeals from his conviction on a charge of driving while intoxicated. We affirm.

---

Early in the morning of June 27, 1976, defendant's automobile, which was proceeding in the direction of defendant's home some three blocks away, struck a parked car in the city of Fort Pierre. A witness who arrived at the scene shortly after the collision observed defendant sitting in the driver's seat of his automobile slumped over the steering wheel. The arresting officers observed that some blood had dripped from defendant's nose onto the front of his shirt.

Defendant testified that he had started drinking at about 10 o'clock on Saturday morning, June 26, 1976, and continued to drink until sometime between 10:00 and 11:00 p. m., when he laid down in the back seat of his automobile and went to sleep. Defendant had the keys to his automobile in his pocket at the time he went to sleep. He testified that the next thing he remembered was being thrown down between the seats by the force of the impact. He noticed that the motor of his car was still running, so he got into the front seat and turned off the ignition.

The investigating officers observed no blood stains in the car. An insurance adjuster testified that he had observed what he thought to be blood on the back of the front seat when he inspected the car some two days after the accident.

■ Defendant contends that the evidence is insufficient to support the verdict in that the testimony of the insurance adjuster that he observed what he thought to be blood on the top of the back rest of the front seat contradicts any circumstantial inference that defendant was driving the car at the time of the accident. We do not agree. It was for the jury to judge the credibility of the witnesses and to draw such inferences as might be fairly drawn from the evidence. Upon appeal, we must accept the evidence, and the most favorable inferences that the jury might fairly have drawn therefrom, that will support the verdict. *State v. Geelan,* 80 S.D. 135, 120 N.W.2d 533; *State v. Zobel,* 81 S.D. 260, 134 N.W.2d 101; *State v. Henry,* 87 S.D. 454, 210 N.W.2d 169; *State v. Best,* S.D., 232 N.W.2d 447. When viewed in the light most favorable to the verdict, the evidence is sufficient to support the jury's finding that defendant was driving the automobile at the time of the collision. See *State v. Townsend,* S.D., 231 N.W.2d 367.

■ After some four hours of deliberation, the jury submitted a request that they be permitted to review the testimony of one of the state's witnesses. After giving counsel an opportunity to be heard upon the request, the trial court directed the court reporter to read to the jury the witness's testimony in its entirety. Defendant now complains that the trial court failed to comply with SDCL 23–45–3, which provides:

"After the jury has retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed upon a point of law arising in the cause, they must require the officer having them in charge to conduct them into court. Upon their being brought into court, the information required must be given in the presence of or after notice to the state's attorney and the defendant or his counsel, and must be taken down by the shorthand reporter."

Defendant contends that it was error for the court reporter not to take down the information that was read to the jury. The transcript, however, contains the following parenthetical notation immediately following the trial court's direction that the testimony in question be read back:

"(Whereupon, the Court Reporter read back the testimony of David Parsons contained in the foregoing transcript from pages 43 through 56, inclusive, to the Jury in open Court.)"

Defendant makes no contention that the court reporter did not read back the testimony correctly or that the transcript of that testimony is not an accurate, verbatim account. We conclude that the procedure followed by the trial court and the court reporter satisfied the requirements of SDCL 23–45–3 and that defendant's contention in this regard is without merit.

Defendant contends that the trial court erred in not allowing defendant to establish

the fact that other parties would have had both the opportunity and the motive to drive his car on the night of the accident. It appears from the transcript, however, that the substance of defendant's proffered evidence in this regard was adequately submitted to the jury and that the trial court was not unduly restrictive in its rulings concerning the testimony in question.

■ Finally, defendant contends that the trial court erred in not giving his proposed instruction on circumstantial evidence either in lieu of or in addition to the trial court's instruction, which was taken verbatim from South Dakota Pattern Jury Instructions (Criminal) 1–16. Defendant's proposed instruction reads, "Where the prosecution relies upon circumstantial evidence alone, it must be so strong as to exclude every other reasonable theory than that of guilt." Standing alone, the proposed instruction is an inadequate statement of the circumstantial evidence rule. As an addendum to the trial court's instruction, it would have been superfluous. Accordingly, we hold that the trial court did not err in refusing to give the proposed instruction.

The judgment of conviction is affirmed.

All the Justices concur.