STATE of South Dakota, Plaintiff and appellee,

v.

William Michael REED, Defendant and appellant.

No. 13333.

Supreme Court of South Dakota.

Considered on Briefs Sept. 29, 1981.

Decided Dec. 30, 1981.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

John T. Elston, Rapid City, for defendant and appellant.

PER CURIAM.

Defendant, William Michael Reed, was convicted of first degree rape and kidnapping and sentenced to concurrent twenty-five and fifty-year terms. We affirm.

At 5:00 p.m. on July 21, 1981, P.L., a twenty-two year old woman was unlocking her car door after attending an exercise class. P.L. testified * that defendant came up behind her, pressed a knife to her back, and ordered her to drive to an abandoned farm house northeast of Rapid City. After she stopped the car, defendant forced her at knife point to accompany him behind some bushes, where he raped her.

Prior to trial, defendant moved for a change of venue, SDCL 23A–17–5. In support of this motion, defendant submitted five Rapid City Journal articles dealing with his arrest, Journal articles reporting other rape incidents in the community and the general topic of rape, and a poll showing that 91 percent of the 146 people polled read the Rapid City Journal. The trial judge denied the motion, but indicated that he would reconsider the ruling if difficulties were encountered in selecting the jury. Defendant did not renew his motion after the jury was selected.

Defendant argues that the trial court committed a clear abuse of discretion by denying defendant's motion for a change of venue. We disagree. The newspaper articles here, as in State v. Reiman, 284 N.W.2d 860, 867 (S.D.1979), were ... for the most part, factual reporting. Most of what was published involved matters that were subsequently received in evidence. The tone was not designed to create prejudice against the defendants. The news media made no expressions concerning its view of the guilt or innocence of the defendants and generally followed recognized fair trial and free press standards. There is no showing that the pretrial coverage was inaccurate, misleading or unfair.

The existence of pretrial publicity alone is not enough to deny a defendant a fair trial. Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975). The trial court did not abuse its discretion by denying the motion for a change of venue.

Defendant also argues that the trial court erred by denying his motion to dismiss the kidnapping charge. He claims that the kidnapping of P.L. was incidental to the rape and did not substantially increase the risk of harm present in the rape. We disagree. Defendant ordered P.L. to drive him through the city of Rapid City to some bushes near an abandoned farm house northeast of the city. During the entire episode, he held a knife to P.L.'s back. The seizure and removal from a Rapid City street to rural Pennington County was an entirely separate act from the act of forcible rape. In Reiman, supra, we said,

> In rape cases, however, there is generally some seizure and removal aside from the forcible rape itself. [citations omitted] We find it unreasonable to sustain a conviction for kidnapping which is unsupported by evidence aside from acts incidental only to another crime. We reject, however, defendants' contention that any asportation of the victim must be considered only as an integral part of the crime of rape. Asportation or kidnapping is not necessarily involved in forcible rape. [citations omitted]

284 N.W.2d at 873.

The judgment is affirmed.

---

* Defendant claimed that P.L. approached him and asked if he sold marijuana. P.L. voluntarily drove him to the farm house, defendant testified, where she offered to exchange sex for marijuana.