STATE OF NEBRASKA, APPELLEE, V. DONALD G. DUSH, APPELLANT.

332 N.W.2d 679

Filed April 15, 1983. No. 82-351.

George H. Moyer, Jr., of Moyer, Moyer, Egley & Fullner, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

The defendant was convicted in the county court of operating a motor vehicle while under the influence of alcoholic liquor or any drug; or when he had tenhundredths of one percent or more by weight of alcohol in his body fluid as shown by chemical analysis of his blood, breath, or urine. He was sentenced to 9 months' probation, including a fine of $100. Upon appeal to the District Court the judgment was affirmed.

He has appealed to this court and contends that the trial court erred in failing to sustain his motion to suppress, in admitting the result of a breath test into evidence, in failing to give the instructions requested by him, and in giving instructions to which he objected.

The record shows that the defendant was arrested shortly after midnight on February 22, 1981. The defendant and his wife had attended a dance at the New Havens Ballroom in Merrick County, Nebraska. While at the dance the defendant admitted that he had consumed three or four bottles of beer. As he was driving home, a deputy sheriff observed that the defendant failed to come to a complete stop at a stop sign at a railroad crossing in Havens. The deputy sheriff stopped the defendant's vehicle and had the defendant perform three or four "field tests," but a preliminary breath test was not performed. The defendant was arrested and taken to Central City, Nebraska, where a breath test was made by the sheriff on an "Intoximeter Mark IV,"

an approved device. The test indicated a blood alcohol content of .167 percent.

The defendant was charged in the alternative in this case and could have been found guilty either on the basis that he was under the influence of alcoholic liquor or had ten-hundredths of one percent or more alcohol in his body fluid. In addition to the results of the breath test there was testimony as to what the defendant had been doing during the day, his conduct at the dance, and his driving from the parking lot to the place where he was stopped. The deputy sheriff and the sheriff testified concerning their opinion as to whether the defendant was intoxicated. A number of lay witnesses called by the defendant testified that in their opinion the defendant was not intoxicated. Although the evidence was in conflict, the evidence of the State was sufficient, if believed, to support a finding of guilt beyond a reasonable doubt.

The result of the breath test performed by the sheriff was received in evidence over objection. The defendant contends that there was insufficient foundation for admission of the test.

In *State v. Gerber,* 206 Neb. 75, 291 N.W.2d 403 (1980), we held that before the State may offer in evidence the results of a breath test for the purpose of establishing that a defendant was at a particular time operating a motor vehicle while having ten-hundredths of one percent or more by weight of alcohol in his body fluid, the State must prove the following: (1) That the testing device or equipment was in proper working order at the time of conducting the test; (2) That the person giving and interpreting the test was properly qualified and held a valid permit issued by the Nebraska Department of Health at the time of conducting the test; (3) That the test was properly conducted in accordance with a method currently approved by the Nebraska Department of Health; and (4) That there was compliance with all statutory requirements. Before the re-

sult of a machine breath test is admissible in evidence, the foundation evidence must show (1) that the test has been performed according to methods approved by the Department of Health and (2) the test was administered by a person holding a valid permit. Neb. Rev. Stat. § 39-669.11 (Reissue 1978). The permit issued to the sheriff was received in evidence, and there is no contention that he was not authorized to administer the test.

A copy of the regulations adopted by the Department of Health following the decision in the *Gerber* case was received in evidence. The record shows generally that the test was performed in accordance with the regulations. The testimony of the sheriff covered the calibration of the machine, the testing of the NALCO standard, the test of the machine before the breath test was administered, and the method which he used in performing the test.

The defendant called Dr. Robert Prokop, who testified as an expert witness concerning the problems involved in using breath tests as an indication of blood alcohol content. In the *Gerber* case we commented on the reliability of a Breathalyzer test and the possibility that a test result showing a minimum concentration might result in a wrongful conviction. The result of the test in this case, .167 percent, is sufficiently in excess of the .10 percent minimum that it was properly admitted as evidence of guilt.

The defendant argues that the statute is invalid because the effect of the statute is to create a presumption of guilt by the test. Section 39-669.11 merely provides that a test made in compliance with the statute is admissible. Such evidence does not create a presumption of guilt, but may be sufficient to make a prima facie case on the issue of blood alcohol concentration. *State v. Gerber, supra.*

The defendant submitted a number of requested instructions, some of which were not given. At the instruction conference the defendant objected to a number of instructions which were given to the jury.

Although, for the most part, the instructions given were complete, in some instances they differed from the text of the instructions contained in Nebraska Jury Instructions. For example, instruction No. 6, relating to the presumption of innocence and the burden of proof, did not advise the jury that the "burden never shifts." The defendant specifically requested that the trial court give NJI 14.05, which in part instructs the jury: "The burden of proof is *always* on the state to prove beyond a reasonable doubt *all of the material elements* of the crime charged, and *this burden never shifts*." (Emphasis supplied.) Whenever an applicable instruction may be taken from Nebraska Jury Instructions, that is the instruction which should be given to the jury. *State v. Samuels,* 205 Neb. 585, 289 N.W.2d 183 (1980).

The defendant specifically requested that the following Nebraska Jury Instructions be given: No. 14.50, relating to circumstantial evidence; No. 14.61, relating to impeachment and prior inconsistent statements; and No. 14.56, relating to opinion testimony by nonexpert witnesses. All of these requested instructions were applicable under the facts and circumstances of the case and were not included in any of the instructions which were given. It was the duty of the trial court to give the requested instructions, and the failure to do so was prejudicial error. See, *State v. Lewis,* 177 Neb. 173, 128 N.W.2d 610 (1964); *Pierce v. State,* 173 Neb. 319, 113 N.W.2d 333 (1962); *Powder River Live Stock Co. v. Lamb,* 38 Neb. 339, 56 N.W. 1019 (1893).

The failure to properly instruct the jury requires that the judgment be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.