**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Dale A. EDMUNDSON, Defendant and Appellant.**

**No. 14907.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 21, 1985.

Decided Dec. 31, 1985.

**836**

Grant Gormley, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., on brief, Pierre, for plaintiff and appellee.

Jeff Larson, Minnehaha County Public Defender's Office, Sioux Falls, for defendant and appellant.

HERTZ, Acting Justice.

This is an appeal from a jury verdict which found the defendant guilty of driving while under the influence of alcohol. We affirm.

On July 10, 1984, at approximately 10:50 p.m., a Sioux Falls Police Officer observed the appellant, Dale A. Edmundson, (Edmundson), drive off the curb of the parking lot at Boyd's Bar driving a maroon and gray Buick. At the time pertinent to this action, the officer was across the street in a lot on North Cliff Avenue in which he was operating stationary radar. The lighting was adequate and there were no obstructions between the officer and the appellant.

The officer proceeded to follow the vehicle in a southerly direction for approximately two miles. According to the officer, the Buick was weaving, drifting on and off the shoulder of the road, it crossed the center line once, and it also veered halfway into the yellow hash marks of the "Y-intersection" dividing North Cliff into Cliff and North Drive.

In view of the foregoing observations, the officer activated his red lights, turned on his spotlight, and attempted to pull the vehicle over at a safe point beyond the curve adjacent to the South Dakota Penitentiary. Edmundson did not stop right away, but rather approached the intersection of Russel and Main, crossed the white line into the left turn lane, stopped the car approximately one car length past the stop sign, and then made an unsignaled turn south onto Main Street.

The officer then turned on his siren and succeeded in pulling the car over on North Main Street. Upon noticing an odor of intoxicants on Edmundson, the officer asked him to come back to the patrol car. The police officer later testified that Edmundson was very unbalanced as he walked over to the patrol car and used both his car and the patrol vehicle to balance himself. Additionally, the officer noted the smell of intoxicants about the facial area of Edmundson whose speech was slurred and eyes were bloodshot and watery.

Thereafter, the officer asked Edmundson if he would agree to take some field sobriety tests. Edmundson consented to do so.

In the first of seven tests, Edmundson recited the alphabet in a slurred fashion. The second test was an eye scan. The officer noted that Edmundson's eyes moved in a jerky, rather than smooth manner. Edmundson next successfully counted backwards in sequence from 67 to 49.

The preceeding tests were administered in the patrol car. As such, Edmundson was next requested to step outside to perform some dexterity tests. The officer asked Edmundson if he had any physical disabilities. He replied that he had bad feet which in turn affected his balance. However, Edmundson further stated that he could perform the tests. The officer demonstrated each dexterity test before he asked Edmundson to repeat it.

Thereafter, Edmundson performed the "balance on one foot", "heel to toe" and "finger to nose" tests. As a result of Edmundson's poor performance on these tests, the officer did not ask him to perform the Rhomberg test. Instead, Edmundson was given a preliminary breath

test which he failed. At trial, the police officer testified that in his opinion, Edmundson was intoxicated.

Upon being arrested for driving while intoxicated (DWI), Edmundson was taken to the Sioux Falls Public Safety Building where a video camera taped part of the booking procedure. The State sought, and was granted admission of this videotape into evidence at trial. However, the jury was only permitted to view the tape once, and it was not brought back to the jury room during deliberation.

On January 31, 1985, Edmundson was found guilty of driving while under the influence of alcohol in violation of SDCL 32–23–1. On February 8, 1985, Edmundson admitted as true the allegations set forth in a Part II Information which charged that he had two prior convictions for DWI within a five-year period. Thereafter, Edmundson was sentenced to eighteen months in the South Dakota Penitentiary.

On appeal, Edmundson argues that the trial court erred in refusing to instruct the jury on direct and circumstantial evidence. Secondly, Edmundson contends that the trial court erred in allowing the police officer to give his expert opinion and in instructing the jury on expert witnesses. The issues herein will be separately stated and so treated.

I

WHETHER THE TRIAL COURT ERRED IN REFUSING TO INSTRUCT THE JURY ON DIRECT AND CIRCUMSTANTIAL EVIDENCE?

Edmundson testified that he is a retired Marine with numerous physical ailments. He suffers from a condition called arthritic gout which resulted, in part, from broken bones in both feet. Edmundson stated that he has had equilibrium problems since childhood. Additionally, he stated that he had been on a medication called dilantin for approximately one year. Dilantin was prescribed for the appellant to control a seizure condition.

Edmundson proposed South Dakota Pattern Jury Instructions (SDPJI) (criminal) 1–16. This instruction defines and distinguishes direct and circumstantial evidence. Inasmuch as the trial court refused the instruction, Edmundson contends that it committed reversible error in light of his various physical ailments which could have adversely affected his performance on the field sobriety tests.

The only issue pertinent to the resolution of this dispute is whether or not Edmundson was under the influence of alcohol at the time of his arrest. It follows, therefore, that the "ultimate fact to be proved" by the State, herein, was that Edmundson was intoxicated at the date and time alleged in the information. As such, the appellant contends that the way he walked, talked, acted, and performed the field sobriety tests, were all "secondary facts" from which the police officer inferred that he was intoxicated. Edmundson argues, therefore, that since the State substantially relied on circumstantial evidence to support its case, then Edmundson was entitled to an instruction on direct and circumstantial evidence.

We disagree with Edmundson's analysis of the police officer's testimony in this case. "[D]irect evidence is evidence which, if believed, proves the existence of the fact in issue without inference or presumption; it is evidence which comes from an 'eyewitness,' or one who speaks directly of his own knowledge on the main or ultimate fact to be proved, or who saw or heard the factual matters concerning which he testifies[.]" 29 Am.Jur. Evidence § 4 (1967) at page 37. Here, the police officer formed his opinion that Edmundson was intoxicated based on his direct observations of Edmundson's behavior on the night in question. Thus, the officer saw Edmundson drive his car off of the curb at Boyd's Bar and then proceed to weave over the roads. After he managed to stop Edmundson's vehicle, the police officer observed the physical indicia of intoxication as evidenced by Edmundson's watery eyes, slurred speech, unsteady gait, and the odor of alcohol about his person. Moreover, the officer watched Edmundson unsuccessfully

perform each of the seven field sobriety tests.

Edmundson now contends that his physical ailments could have affected his ability to perform the dexterity tests. However, it is undisputed that the officer asked Edmundson whether he had any physical disabilities before the tests were administered to him. Although Edmundson responded that he had bad feet which affected his balance, he, nevertheless, stated that he could perform the tests. Furthermore, the record supports the conclusion that the officer did not rest his opinion that Edmundson was intoxicated solely on his performance of the dexterity tests. Rather, it was based on the officer's eyewitness observations of Edmundson's driving, his physical manifestations of intoxication, his failure of the sobriety tests as a whole, and his failure of the preliminary breath test; all which constituted direct evidence which tended to prove to the officer the existence of the fact in issue, to-wit: that Edmundson was intoxicated.

In *State v. Boyles*, 260 N.W.2d 642 (S.D. 1977), we affirmed the trial court's usage of SDPJI (criminal) 1–16, in another action wherein the defendant was convicted of DWI. Edmundson's argument, however, that this ruling somehow mandates the use of SDPJI (criminal) 1–16 in all DWI cases is misplaced. In *Boyles*, the defendant was found slumped over the steering wheel of his automobile after it struck a parked car in the city of Fort Pierre. There were no eyewitnesses to the collision. Thus, one of the "ultimate facts" that the State had to prove in *Boyles*, was whether or not the defendant was driving the car at the time of the accident. The evidence was conflicting and the State sought to prove its case through circumstantial evidence. Upon those distinguishing facts, therefore, the trial court in *Boyles* correctly instructed the jury in regard to direct and circumstantial evidence.

In the instant fact situation, there was no dispute that Edmundson was operating his vehicle at the time he was pulled over. Moreover, it was the officer's direct observations of Edmundson's conduct that prompted him to conclude that Edmundson was intoxicated. Additionally, we note that Edmundson produced no witnesses to contradict the officer's testimony. We find, therefore, that our affirmance of the use of SDPJI (criminal) 1–16, in *Boyles* is inapplicable under the facts of this case.

Closely related to the case at bar is the Nebraska Supreme Court's decision in *State v. Lewis*, 177 Neb. 173, 128 N.W.2d 610 (1964), wherein the defendant appealed his conviction of driving while intoxicated. Among his assignments of error, the defendant argued that the trial court erred in failing to give his requested cautionary instruction on circumstantial evidence. The alleged circumstantial evidence, were the facts testified to by the arresting officer and the sheriff as a foundation for their opinions that defendant was intoxicated.

Analogous to the police officer herein, the arresting officer in *Lewis* testified that he observed the defendant's car weaving and crossing back and forth over the centerline of the highway, smelled intoxicating liquor on the defendant's breath, noted that the defendant's eyes were watery, his speech slurred, and that he staggered when he walked. Thereafter, the defendant was taken to jail by the officer who, in the presence of the sheriff, administered three usual tests to determine if defendant was intoxicated. The defendant failed all three tests. At trial, both the arresting officer and the sheriff testified that in their opinions, the defendant was under the influence of intoxicating liquor.

In *Lewis*, the Court found that the evidence of the officer and sheriff was direct or positive, and not circumstantial. The court held, therefore, that there was no duty on the part of the trial court to give a cautionary instruction on circumstantial evidence.

Conversely, in *State v. Dush*, 214 Neb. 51, 332 N.W.2d 679 (1983), the Nebraska Supreme Court held as prejudicial error the failure of the trial court to give the defendant's requested jury instruction relative to circumstantial evidence. This case involved an appeal from a prosecution for driving while under the influence of alco-

holic liquor and with a blood alcohol content of in excess of .1%. However, in *Dush*, the court specifically stated that this instruction was applicable under the facts and circumstances of the case. Moreover, at issue in *Dush*, was the reliability of a breath testing device. Additionally, the defendant called a number of lay witnesses who contradicted the prosecution's evidence, and testified that in their opinion the defendant was not intoxicated. By contrast, no contradictory evidence was offered to impeach the officer's testimony in the instant action.

██ Accordingly, we find that the officer herein gave his opinion that Edmundson was intoxicated based upon his observations of Edmundson at the time of the arrest, and based upon his experience in law enforcement. As such, the officer observed Edmundson, and then formed his opinion that Edmundson was intoxicated grounded on those direct observations. It follows, that consonant with *State v. Lewis, supra,* the evidence herein was direct or positive, and not circumstantial. We hold, therefore, that the trial court was under no duty to give SDPJI (criminal) 1–16.

## II

## WHETHER THE TRIAL COURT ERRED IN INSTRUCTING THE JURY ON EXPERT WITNESSES?

██ The police officer testified that in his opinion, Edmundson was under the influence of alcohol at the time of his arrest. On appeal, Edmundson argues that an insufficient foundation was laid to qualify the officer to give his expert opinion.

At trial, the officer stated that he took the initial five-week police training course in Pierre. Thereafter, he trained with the Sioux Falls Police Department via their field training officers program. The officer further testified that he had done research on the eye scan (sobriety) test and that his ability to administer it had been tested. Finally, the officer stated that in his four years and ten months on the Sioux Falls Police Force, he had made hundreds of DWI arrests.

The preceeding foundation is illustrative to show that the officer herein met the requirements of an expert witness. As such, opinions of experts are admissible under SDCL 19–15–2, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Here, the officer's knowledge, skill, training, education and experience with past DWI arrests, was sufficient to qualify his opinion that Edmundson was intoxicated. Furthermore, the officer was asked for his opinion based on his experiences as a police officer as well as his experience with the investigation of DWI cases in Sioux Falls. The jury heard all of the testimony and was also given Jury Instruction # 12 which defined "expert testimony." Inasmuch as the officer's status as an expert goes to the weight of his testimony and not its admissibility, we note that the foregoing instruction advises the jury that they are not bound to accept an expert's opinion as conclusive.

This court has consistently held that the trial judge has the discretionary power to determine whether a witness is an expert witness. As such, his ruling will not be disturbed "unless there is no evidence that the witness had the qualifications of an expert or the trial court has proceeded upon erroneous standards." *State ex rel. Helgerson v. Riiff,* 73 S.D. 467, 475, 44 N.W.2d 126, 139 (1950). *See also, City of Huron v. Jelgerhuis,* 77 S.D. 600, 606, 97 N.W.2d 314, 318 (1959) ["While defendant assails the expert evidence of plaintiff, this likewise was a matter of argument in and a decision for the trial court." ]; *Wentzel v. Huebner,* 78 S.D. 481, 492, 104 N.W.2d 695, 701 (1960) ["As indicated *supra,* the ruling of a trial court as to the qualifications of an expert witness will only be disturbed in case of a clear abuse of discretion."]; *Wieting v. Ball Air Spray, Inc.,* 84 S.D. 493, 499–500, 173 N.W.2d 272, 275 (1969); *Engberg v. Ford Motor Company,* 87 S.D. 196,

203, 205 N.W.2d 104, 108 (1973); *Basin Electric Power Cooperative, Inc. v. Cutler,* 88 S.D. 214, 218, 217 N.W.2d 798, 800 (1974); *State v. Best,* 89 S.D. 227, 238, 232 N.W.2d 447, 454 (1975); *Buckley v. Fredericks,* 291 N.W.2d 770, 771 (S.D.1980).

The contention that this police officer lacked qualification to speak as an expert in the field involved is without merit. The officer's knowledge, skill, training, education and experience in law enforcement relative to DWI arrests fulfilled the requirements under SDCL 19–15–2. Based upon the record, therefore, we hold that sufficient foundation was laid to qualify the officer's opinion that Edmundson was intoxicated. As such, the trial court did not err in permitting the officer to give his expert opinion, nor in instructing the jury on expert witnesses.

We accordingly affirm the trial court.

All the Justices concur.

WUEST, Circuit Judge, Acting as a Supreme Court Justice, participating.