**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Dean Alyn NILLES, Defendant and Appellant.**

**No. 15200.**

Supreme Court of South Dakota.

Considered on Briefs May 23, 1986.

Decided Dec. 17, 1986.

Robert Mayer, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas E. Alberts of Thomas E. Alberts, P.C., Avon, for defendant and appellant.

PER CURIAM.

Defendant appeals from his conviction for escape, SDCL 22–11A–2, claiming the proceedings were improperly venued. We affirm.

At the time of his escape appellant had been convicted and sentenced to a term in the South Dakota State Penitentiary, which is located in Minnehaha County. He was later transferred to the Springfield Correctional Facility, which is located in Bon Homme County. In May 1985, defendant escaped from the Springfield facility.

The criminal proceedings charging defendant with escape were venued in Bon Homme County. During the proceedings defendant waived his constitutional and statutory rights to be tried in Bon Homme County. *See* S.D. Const. art. VI, § 7; SDCL 23A–16–3. He also made motions for a dismissal for lack of jurisdiction and for a change of venue to Minnehaha County, which motions were denied.

Defendant claims that SDCL 24–2–27 required the proceeding against him be venued in Minnehaha County. At the time of defendant's offense SDCL 24–2–27, which generally discusses the care of penitentiary inmates in facilities outside the penitentiary proper, stated in pertinent part, "An escape from a facility maintained outside

the penitentiary is considered an escape from the penitentiary." * Defendant argues this statute means his escape should have been considered an escape from the state penitentiary in Minnehaha County and therefore the action should have been venued there.

Our view, however, is that SDCL 24–2–27, before it was amended, was only intended to more clearly define the offense of escape and was not intended to prescribe the venue of an offense. As the title of SDCL ch. 24–2 clearly indicates it addresses the "Care and Discipline of Pentitentiary Inmates." Before the amendment of SDCL 24–2–27 in 1986, SDCL ch. 23A–16 generally addressed the subject of "Jurisdiction and Venue of Offenses and Proceedings." The legislature has stated that we should consider the arrangement of their enactments into the various chapters of our code. SDCL 2–14–11. Because SDCL ch. 23A–16 generally prescribes the venue of criminal proceedings we should look there to determine the proper venue.

The legislature's subsequent amendment to SDCL 24–2–27 reinforces our view that the venue of an escape offense was intended to be the county where the escape actually occurred. *See Hot Springs Ind. School Dist. No. 10 v. Fall River Landowners Ass'n,* 262 N.W.2d 33 (S.D.1978) (courts may consider subsequent amendment of statute in determining the meaning of the statute).

Because defendant waived his constitutional and statutory rights to be tried in the county or district in which the offense was alleged to have been committed, the statutory and constitutional provisions preserving those rights do not control the question of venue. *Compare State v. Graycek,* 278 N.W.2d 184 (S.D.1979) (constitutional provision apparently asserted by defendant). Because defendant waived his rights, the only other provision we can find to pre-

scribe the venue in this case is SDCL 23A–16–5, which requires a criminal action to be tried in the county where it is brought. Consequently, the proceedings against defendant were properly venued in Bon Homme County.

The judgment of the trial court is affirmed.

FOSHEIM, Retired Justice, participating.

MILLER, J., not having been a member of the court at the time this action was submitted to the court, did not participate.

---

* This statute has since been amended and now reads in pertinent part:
  An escape from the penitentiary or from a facility, program or service maintained outside the penitentiary is considered a violation of § 22–11A–2. Venue for a prosecution for an escape from any facility shall be in the county where the acts constituting the escape take place, unless otherwise provided by law. 1986 S.D.Sess. Laws ch. 200.