**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Troy HAASE, Defendant and Appellant.**

**No. 16183.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 17, 1989.

Decided Sept. 27, 1989.

Ann C. Meyer, Asst. Atty. Gen. and Roger A. Tellinghuisen, Atty. Gen., on brief, Pierre, for plaintiff and appellee.

Patrick M. Schroeder, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

PER CURIAM.

Appellant Troy Haase, by his notice of appeal, appeals his convictions for first degree rape and kidnapping. Haase entered a guilty plea to Part II of the Habitual Criminal Information. The latter is not on appeal. Two concurrent sentences were imposed on appellant. Haase does not argue that his kidnapping conviction is invalid and he cites no authorities urging its illegality. *State v. Michalek*, 407 N.W.2d 815 (S.D.1987). We affirm.

## FACTS

The victim in this case lived in Sioux Falls, South Dakota. Victim, as part of her daily routine, would walk along the same route every evening after work. During the course of her evening walk on September 14, 1987, the victim was seized by a man she later identified as Haase. Haase ran up behind her, grabbed her, and placed his hand over her mouth. Haase verbally assaulted the victim with various profanities and threats on her life, dragged her to his waiting car and pushed her inside. Victim struggled all the way, using keys to try to scrape Haase and attempted to knee appellant in his crotch. Haase then forced himself on top of the victim and began to remove her clothing. He literally attempted to rip off her clothes. He succeeded in removing the right shoulder of victim's sweatshirt and the strap on her bodysuit. Because she was wearing a one piece "leotard" Haase became frustrated and muttered something to the effect that "this isn't going to work."

Forcing the victim to remain in the car, Haase drove from the city street in Sioux Falls, where the abduction took place, to an abandoned farmstead south of the city in Lincoln County. As he drove in Sioux Falls, Haase physically restrained victim and slammed her foot down when she propelled her foot up in the air attempting to draw attention to her plight.* Once at the farmstead, Haase resumed stripping the victim's clothes off of her, beginning with her shoes, and compelled the victim into performing acts of oral sex and sexual intercourse. Haase then drove the victim back into Sioux Falls. Victim jumped out of the car near a stoplight in the vicinity of her apartment.

Victim then reported the incident to the authorities and the ensuing investigation led to Haase. Haase was subsequently indicted in Minnehaha County for one count

* We judicially note that Sioux Falls lies in Minnehaha County, and is its county seat of government.

of kidnapping and one count of first degree rape. Prior to trial, Haase filed a motion to dismiss the rape charge contending that the rape occurred in Lincoln County and, as a result, the circuit court in Minnehaha County had no jurisdiction to try the offense. However, Haase withdrew this motion to dismiss at the pretrial motions hearing.

During trial, at the close of state's case, Haase again moved for a dismissal of the rape charge for lack of jurisdiction. This motion was denied by the trial court. At the close of all the evidence, Haase made a final motion to dismiss the rape charge due to lack of jurisdiction. Again, the trial court denied the motion.

The jury returned a verdict finding Haase guilty of both first degree rape and kidnapping. Judgment and sentence were entered accordingly and this appeal followed. State and Haase both briefed one issue for our consideration.

### ISSUE

Did the trial court err in denying Haase's motion to dismiss the charge of first degree rape?

Haase argues that trial of the rape charge in Minnehaha County denied him his state constitutional and statutory right to trial in the county where the offense occurred (i.e. Lincoln County). S.D. Const. art. VI, § 7; SDCL 23A–16–3.

A. Waiver of venue objection.

State contends that Haase waived any objection to trial of the rape charge in Minnehaha County by withdrawing his pretrial motion to dismiss the charge and by couching his objection in terms of "jurisdiction" rather than "venue." State's argument points out the confusion which often arises in this context between the concepts of "jurisdiction" and "venue."

"Jurisdiction" is made up of two components, i.e., (a) "personal jurisdiction" and (b) "subject-matter jurisdiction." *See, Honomichl v. State,* 333 N.W.2d 797 (S.D. 1983). A court must have both personal and subject-matter jurisdiction before it may act on a criminal charge. *Id.* A court

acquires "personal jurisdiction" by the accused's presence before the court, irrespective of the events procuring his presence. *State v. Arnold,* 379 N.W.2d 322 (S.D. 1986). "Subject-matter jurisdiction" entails the power of a court to hear a case, determine the facts, apply the law and set a penalty. *Zelenka v. State,* 83 Wis.2d 601, 266 N.W.2d 279 (1978). "Subject-matter jurisdiction cannot be conferred by agreement, consent, or waiver." *Honomichl,* 333 N.W.2d at 799. A judgment rendered by a court without jurisdiction to pronounce it is wholly void and without any force or effect whatever. *State v. Mee,* 67 S.D. 589, 297 N.W. 40 (1941). Jurisdiction may be challenged at any time during the pendency of the proceedings and for the first time on appeal. SDCL 23A–8–3(3); *Honomichl, supra.*

"Venue" is another matter. It refers to the county in which the prosecution is to be brought. *State v. Greene,* 86 S.D. 177, 192 N.W.2d 712 (1971). Generally, this will be the county in which the offense is alleged to have been committed. S.D. Const. art. VI, § 7; SDCL 23A–16–3. However, unlike jurisdiction which cannot be conferred by waiver, (*Honomichl, supra* ) the right to venue of a prosecution in the county where the offense was committed can be waived by a defendant and the prosecution may proceed in another county. *State v. Nilles,* 397 N.W.2d 475 (S.D.1986); *Croan v. State,* 295 N.W.2d 728 (S.D.1980); *State v. Ross,* 47 S.D. 188, 197 N.W. 234 (1924). Were the rule otherwise, a change in venue would not be possible. *See, Croan, supra; In re Nelson,* 19 S.D. 214, 102 N.W. 885 (1902). In summation, subject matter jurisdiction cannot be waived, but venue can be waived.

In this instance, state asserts that an objection to venue of a prosecution in a county, other than that where the offense was committed, is waived by failure to raise the objection prior to trial. Explicitly, failure to raise a defense or objection, which must be raised prior to trial, does constitute a waiver of the defense or objection. SDCL 23A–8–9. One category of defenses or objections that must be raised

prior to trial is, "[d]efenses and objections based on defects in the indictment or information ..." SDCL 23A–8–3(3). To be sufficient, a venue allegation must appear in an indictment or information that the offense charged was committed in the county in which the prosecution is instituted. SDCL 23A–6–7(4); *State v. Jerke*, 73 S.D. 64, 38 N.W.2d 874 (1949). Thus, if an indictment or information fails to contain such an allegation, the defect must be raised prior to trial or is deemed waived. SDCL 23A–8–3(3); SDCL 23A–8–9; *State v. Egan*, 44 S.D. 273, 183 N.W. 652 (1921).

■ Here, the indictment expressly contained a proper venue allegation that the rape occurred in Minnehaha County, the county where the prosecution was instituted. Accordingly, there was no defect in the allegation of venue on the face of the indictment requiring Haase to raise an objection prior to trial. Therefore, we conclude that Haase properly preserved his objection to venue of the rape prosecution by waiting until the close of state's case to raise the objection. This conclusion is in accord with that reached by the Eighth Circuit Court of Appeals in ruling on a similar issue. In *United States v. Black Cloud*, 590 F.2d 270 (8th Cir.1979) the court of appeals stated:

> Where lack of proper venue is apparent on the face of an indictment, venue objections are waived if not made prior to trial. However, when an indictment contains a proper allegation of venue so that a defendant has no notice of a defect of venue until the government rests its case, the objection is timely if made at the close of the evidence. (citations omitted).

*Id.* at 272. Having treated the procedural, we now examine the substantive.

### B. Propriety of venue of the rape prosecution in Minnehaha County.

■ Turning to the substance of the venue issue, State urges that venue of the rape prosecution in Minnehaha County is based on SDCL 23A–16–8, which provides, "[w]hen a public offense is committed partly in one county and partly in another county, or the acts or effects thereof constituting or requisite to the offense occur in two or more counties, the venue is in either county." State argues that Haase's acts of force, coercion and threats leading to the rape of the victim began in Sioux Falls and, therefore, part of the acts constituting the rape occurred in Minnehaha County. SDCL 22–22–1(1).

Haase resists application of SDCL 23A–16–8 by arguing that the acts constituting the victim's kidnapping and her rape were divisible. He contends that the acts of force, coercion and threats directed toward the victim in Minnehaha County were related solely to her kidnapping. Haase maintains that all of the acts constituting the rape itself occurred in Lincoln County and, therefore, venue of the rape prosecution could only lie in that county. We strongly disagree with Haase's advocacy.

As support for his argument, Haase relies on *State v. Reed*, 313 N.W.2d 788 (S.D. 1981). *Reed*, like the present case, involved the abduction of a rape victim from within Rapid City to an abandoned farmstead outside of the city where the rape occurred. Reed was convicted of both kidnapping and rape. On appeal, Reed contended that he could not be convicted of both kidnapping and rape because the kidnapping was merely incidental to the rape. (*See State v. Reiman*, 284 N.W.2d 860 (S.D.1979)). This court rejected Reed's contention stating that the seizure *and removal* of Reed's victim from Rapid City to the farmstead was, "an entirely separate act from the act of forcible rape." *Reed*, 313 N.W.2d at 789.

### C. Distinguishing the *Reed* Decision

■ On its face, *Reed* would first appear to support a conclusion that none of the acts of the victim's rape occurred in Minnehaha County thereby defeating venue of the offense in that county. However, the question of venue is for a jury. *State v. Farley*, 290 N.W.2d 491 (S.D.1980). The state need only prove venue by a preponderance of the evidence. *State v. Graycek*, 335 N.W.2d 572 (S.D.1983). On appeal, this court accepts the evidence and the most favorable inferences that the jury might

have fairly drawn therefrom to support the verdict. *State v. Boyles*, 260 N.W.2d 642 (S.D.1977).

In this instance, the jury was specifically instructed on the venue issue and advised that in order to convict Haase of rape it must find that a portion of the force, coercion and threats Haase directed toward the victim to accomplish sexual penetration occurred in Minnehaha County. We find that there was clearly sufficient evidence from which the jury could have concluded that the force and threats Haase exerted toward the victim while still in Minnehaha County were directly linked to the sexual penetration which ultimately occurred in Lincoln County.

Clearly, the facts of this case are sufficient to distinguish our holding herein from *Reed, supra.* In *Reed,* there was no indication that there was any attempt to rape the victim until she had been removed to the abandoned farmstead. The rapist could have abandoned the idea of rape prior to reaching the abandoned farmstead and no charge of attempted rape would have been possible. Here, however, Haase forcefully pushed himself on top of the victim in an attempt to sexually assault the victim, and, pursuant thereto, he attempted to remove her clothing prior to leaving Minnehaha County. Moreover, Haase's intentions were made clear when, frustrated in his attempt to remove the victim's clothing he stated, "this isn't going to work." Obviously, her mode of dress frustrated immediate penetration, which was completed in Lincoln County. These facts could well have supported a charge of attempted rape. *See, State v. Martinez,* 88 S.D. 369, 220 N.W.2d 530 (1974). Under these facts, it was certainly reasonable for a jury to infer that part of the force, threats and coercion exerted against the victim in Minnehaha County enabled Haase to accomplish the act of sexual penetration in Lincoln County. Therefore, under SDCL 23A–16–8 we find that venue of the rape offense could properly lie in either Minnehaha or Lincoln County.

Accordingly, we find no error by the trial court in denial of Haase's motion to dismiss the rape charge due to improper venue in Minnehaha County.

The judgments of conviction are affirmed.

MILLER, J., disqualified.